UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RENAL TREATMENT CENTERS –
MID-ATLANTIC, INC.,

Plaintiff,

v.                          608CV087

FRANKLIN CHEVROLET-CADILLAC-PONTIAC-GMC; FRANKLIN TOYOTA HEALTH BENEFIT PLAN REVISED AND RESTATED NOVEMBER 1, 2004,

Defendant.

## ORDER

Plaintiff Renal Treatment Centers – Mid-Atlantic, Inc. (RTC) filed this Employee Retirement Income Security Act (ERISA) action against defendant "Franklin Chevrolet-Cadillac-Pontiac-GMC; Franklin Toyota Health Benefit Plan Revised and Restated November 1, 2004," (the Franklin Plan), an employee benefit plan, seeking payment for medical services allegedly provided by RTC to a participant in the Franklin Plan. Doc. # 1. RTC seeks, as the participant-patient's assignee, benefit payments along with interest, costs, and fees. *Id.* at 4; doc. # 37 at 5.

Along with its Answer, doc. # 10, the Franklin Plan filed a Motion to Dismiss, alleging that RTC lacked standing to bring the claim, and that plaintiff's complaint, which cited 29 U.S.C. § 1132 (ERISA's civil enforcement provision), lacked certain factual allegations that must be pled in order to state a claim under ERISA. Doc. # 11.

More than twenty days after the Franklin Plan's Answer, and after the parties had exchanged several responses and replies regarding the Motion to Dismiss, doc. ## 19, 23, 24, 26, RTC filed an amended version of its Complaint, doc. # 27, but failed to move the Court, pursuant to F.R.Civ.P. 15(a)(2), for leave to make such an amendment. The Franklin Plan, citing RTC's procedural deficiency, moved the Court to strike the Amended Complaint from the record. Doc. # 28. RTC hastily filed a motion for leave to amend its original Complaint. Doc. # 29. RTC also filed a response to the Motion to Strike, emphasizing that it had since filed a proper motion for leave to amend, which, it suggested, cured its procedural deficiency and thus rendered moot the Motion to Strike. Doc. # 30. The Magistrate Judge granted RTC's motion to amend its Complaint, doc. # 36, and RTC then re-filed its Amended Complaint, doc. # 37.

Still pending before the Court, however, are the Franklin Plan's Motion to Dismiss, doc. # 11, and its Motion to Strike, doc. # 28. By granting RTC's Motion to Amend, the Court implicitly denied the Motion to Strike. The Motion to Strike is therefore now explicitly *DENIED AS MOOT*. Doc. # 28.

The Motion to Dismiss has likewise been rendered essentially moot by RTC's Amended Complaint. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted); *see also Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("[A]n amended complaint supersedes the original complaint."). Thus, the Franklin Plan's Motion to Dismiss is based solely on a pleading that is now entirely irrelevant. After reviewing the Amended Complaint and the Motion to Dismiss and correlating responses, it appears that RTC, in its Amended Complaint, has attempted to address – whether effectively or not – the general deficiencies upon which the Motion to Dismiss was based. Thus, many of the Franklin Plan's arguments and citations may no longer be applicable to the Amended Complaint. In light of that fact,

the Court declines to address the merits of the Franklin Plan's currently pending Motion to Dismiss, and *DENIES* the motion *WITHOUT PREJUDICE* to its renewal.

This day of 13 April 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA